IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY STARRETT, JR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-2579-C-BT |
| | § | |
| U.S. DEPARTMENT OF DEFENSE, | § | |
| et al., | § | |
| Defendants. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

For a fourth time, Plaintiff William Henry Starrett, Jr. brings a:

> *pro se* lawsuit against multiple departments within the United States government and military, and several large corporations (collectively, Defendants) alleging multiple violations of the United States Constitution under 42 U.S.C. §§ 1983 and 1985, and 34 U.S.C. § 12601; numerous violations of federal civil and criminal laws; violations of the Texas Constitution, Texas Penal Code, and Texas Business and Commerce Code; as well as state law tort claims.

*Starrett v. Dep't of Def.*, No. 3:19-CV-988-S-BN, 2019 WL 2539234, at *1 (N.D. Tex. May 3, 2019), *adopted by* No. 3:19-CV-0988-S, 2019 WL 3462381 (N.D. Tex. July 30, 2019) ("*Starrett III*") (quoting *Starrett v. U.S. Dep't of Def.*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018), *adopted by* 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018) ("*Starrett II*")); *see also Starrett v. Lockheed Martin Corp.*, No. 3:17-CV-00988-D-BT, 2018 WL 1399177 (N.D. Tex. Mar. 9, 2018), *adopted by* 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018) ("*Starrett*

1

*I*"). In *Starrett III*, like in *Starrett I* and *Starrett II*, the Court found Plaintiff's claims should be dismissed "because they are fanciful, fantastic, or delusional." *Starrett III*, 2019 WL 2539234, at *2 (citations and quotation marks omitted). The District Court referred this case, "*Starrett IV*," to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). The Court again recommends Plaintiff's claims be dismissed with prejudice.

## Legal Standards and Analysis

Though Starrett paid the statutory filing fee, like in *Starrett II* and *Starrett III*, "'[i]t is well-established that a district court may dismiss a complaint on its own motion under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim upon which relief may granted.'" *Starrett III*, 2019 WL 2539234, at *1 (quoting *Starrett II*, 2018 WL 6069969, at *2 (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006))). A district court has inherent authority "to dismiss a complaint on its own motion for failure to state a claim . . . as long as the procedure employed is fair." *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (citing *Carroll,* 470 F.3d at 1177; *Shawnee Int'l, N.V. v. Hondo Drilling Co.,* 742 F.2d 234, 236 (5th Cir. 1984)) (internal quotation marks omitted). "'[F]airness in this context requires both notice of the court's intention [to dismiss *sua sponte*] and an opportunity to respond.'" *Id.* (brackets in original) (quoting *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 643 (5th Cir. 2007)). But "[e]ven if a district court fails to provide notice to the plaintiff prior to dismissal," the Fifth Circuit stated it "will affirm if the plaintiff has alleged his 'best

2

case' and the dismissal was otherwise proper." *Id.* (citing *Lozano,* 489 F.3d at 643; *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). The Court's findings, conclusion, and recommendation provide Plaintiff notice that the Court intends to dismiss his Complaint *sua sponte*, and the 14-day objection period provides him an opportunity to respond.

To survive a Rule 12(b)(6) challenge, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief.

*Id.* at 678 (citing *Twombly*, 550 U.S. at 557). The Court, however, "must construe the pleadings of pro se litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Perez v. United States,* 312 F.3d 191, 194-95 (5th Cir. 2002) (per curiam)), "to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe,* 449 U.S. 5, 9 (1980)). But "such a liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (footnote omitted).

When reviewing a complaint under the Rule 12(b)(6) standard, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). And the court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Though the pleadings, for Rule 12(b)(6) purposes, include documents attached to the pleadings and any motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Here, even construed liberally, Starrett's Complaint (ECF No. 3) does not state a claim for relief that is plausible on its face. As in *Starrett II* and *Starrett III*, Plaintiff's claims against Defendants in the present suit are "based on an alleged conspiracy to target him for military exercises and to remotely control his brain

4

and body functions." *Starrett II*, 2018 WL 6069969, at *3 (citations omitted); *see also Starrett III*, 2019 WL 2539234, at *2 (quoting *Starrett II*, 2018 WL 6069969, at *3) (citing *Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383, 384 (5th Cir. 2019) (per curiam) ("Starrett asks us to overturn the district court's dismissal based on outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology. These pleaded facts are facially implausible. Dismissal with prejudice was appropriate, the district court did not err.")). Because Plaintiff pleads only frivolous claims that are fanciful, fantastic, and delusional, the Court should dismiss Plaintiff's Complaint on its own motion. *See Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989) (describing a frivolous claim as one that lacks either an arguable basis in law because it is "based on an indisputably meritless legal theory" or an arguable basis in fact because it describes "fantastic or delusional scenarios."); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." (internal quotation marks and citations omitted)).

In *Starrett II* and *Starrett III*, the Court did not grant Plaintiff leave to amend. Plaintiff should not be granted leave to amend on his fourth iteration of the same complaint. *See Starrett III*, 2019 WL 2539234, at *2 (citing *Starrett II*, 2018 WL 6069969, at *3 ("In this case, Plaintiff alleges [now] for the [fourth] time a fantastic and delusional scenario that cannot be remedied by an opportunity to

5

amend or further factual development. An opportunity to amend is therefore unwarranted, and his complaint should be dismissed for failure to state a claim upon which relief may be granted.")).

Last, Plaintiff's Complaint should also be dismissed under Rule 12(b)(6) on res judicata grounds. While "'[g]enerally, res judicata must be ple[aded] as an affirmative defense' under Federal Rule of Civil Procedure 8(c)(1), . . . the first of 'two limited exceptions' to that rule applies here and 'permits "[d]ismissal by the court sua sponte on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court."'" *Starrett III*, 2019 WL 2539234, at *3 (quoting *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001))). "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted).

"'Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the

6

prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically[;]" however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (quotation marks and citation omitted).

Like the Court found in *Starrett III*, "[t]he first three conditions are easily met here—as between *Starrett II* and *Starrett III* [and now *Starrett IV*], the parties are identical, and this district court entered a final judgment dismissing the prior case with prejudice for failure to state a claim upon which relief may be granted." *Starrett III*, 2019 WL 2539234, at *3. *Starrett IV* also satisfies the fourth condition, that both actions must involve the same claim or cause of action. Under the transactional test, the relevant question is whether *Starrett III* and *Starrett IV* are based on the same nucleus of operative facts. It is clear from Plaintiff's nearly identical complaints in *Starrett III* and *Starrett IV* that they do. "[I]t does not

7

matter that Starrett may add some factual allegations to this complaint that he may claim occurred after dismissal of [*Starrett III*], as those facts are not consequential to the tenor of his allegations and do not materially affect the claims, which are substantially the same across both actions." *Id.* Accordingly, the Court should also dismiss Plaintiff's Complaint on res judicata grounds.

Finally, district courts retain inherent powers "necessary to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam) (citations omitted). Parties, including those "acting *pro se*[,] ha[ve] no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Plaintiff has now filed his fourth iteration of the same frivolous allegations. Therefore, the Court warns Plaintiff that further filing of frivolous claims may result in sanctions, including monetary sanctions.

## **RECOMMENDATION**

For the foregoing reasons, the Court should *sua sponte* DISMISS Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted and on res judicata grounds.

**SO RECOMMENDED.**

November 18, 2019.

                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).